UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDLAND NATIONAL LIFE INSURANCE
COMPANY, an Iowa insurance company,

    Plaintiff,

v.

BETTY J. BLOCKER, an individual, and
PETER W. HOFFMAN, an individual,

    Defendants.
    _____/

File No.  1:11-CV-662

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This interpleader action to determine the legal owner of an annuity contract is before the Court on Defendant Peter W. Hoffman's motion for partial summary judgment. (Dkt. No. 26.) For the reasons that follow, Defendant Hoffman's motion will be granted.

### I.

On May 24, 2007, Plaintiff Midland National Life Insurance Company ("Midland") received an application for the purchase of a fixed annuity contract in the amount of $30,000, listing Peter W. Hoffman as the owner and the annuitant, and his father, Herbert W. Hoffman as the beneficiary. (Compl. Ex. A.) Included with the application was a cashier's check in the amount of $30,000, with Hoffman listed as the remitter. (Compl. Ex. C.) Midland approved the application and issued Annuity Contract Number 8500309431 (the "Contract") with Peter Hoffman listed as the owner and the annuitant. On June 5, 2007, Peter Hoffman

signed a Delivery Receipt acknowledging receipt of the Contract. (Compl. Ex. E.)

On October 16, 2007, Midland received an Ownership Change Request purportedly signed by Peter Hoffman requesting that the ownership of the Contract be changed from Peter H. Hoffman to Betty J. Blocker. (Compl. Ex. H.) Betty Blocker is Peter Hoffman's sister. Pursuant to the Ownership Change Request, Midland changed the ownership of the Contract from Peter Hoffman to Betty Blocker, and sent all subsequent annuity statements to Betty Blocker. On February 22, 2011, Midland received a letter from Peter Hoffman, protesting the change in ownership. Peter Hoffman stated that ownership of the Contract had been changed without his signature, permission, or knowledge. (Compl. Ex. J.) In light of the conflict over ownership of the policy, Midland filed this interpleader action.

## II.

Peter Hoffman has filed a motion for partial summary judgment seeking a declaration that he is the rightful owner of the Contract. (Dkt. No. 26.)

Peter Hoffman has submitted his own affidavit in support of his motion for partial summary judgment. (Dkt. No. 26, Ex. 1, Hoffman Aff.) Peter Hoffman states that he is blind, and that he purchased the Contract with his money in order to provide income for himself because of his blindness. (*Id.* at ¶¶ 2, 6, 7.) He states : "I did not sign the change of ownership form dated October 16, 2007, . . . nor did I authorize anyone to sign my name to that form." (*Id.* at ¶ 5.) He further states:

> At no time did I authorize anyone, including my father, Marvin Watkins or Betty J. Blocker, to sign my name on any change of ownership form that would change the ownership of my policy from me to someone else, nor did I ever consent to such change.

(*Id.* at ¶ 3.)

Pursuant to the terms of the Contract, only the owner of the contract can change the ownership of the contract. "This contract belongs to You. You have all rights granted by this Contract, including the right to change Owners and Beneficiaries . . . . We must receive written Notice informing Us of any change, designation or revocation." (Compl. Ex. 2, Contract § 3.11.) The Contract provides that "Written Notice will be signed by the Owner and received by Us at the address shown on the Specifications Page." (Contract, § 1 Definitions.)

Betty Blocker, appearing *pro se*, opposes Hoffman's motion for summary judgment. (Dkt. No. 29.) Betty Blocker contends that Peter Hoffman signed over everything he owned to his father, Herbert Hoffman, including ten acres, because he owed him money. She states that after Peter Hoffman went to prison, Herbert Hoffman cut the timber on twenty acres, including the ten acres previously owned by Peter Hoffman, and put $30,000 in an annuity. According to Betty Blocker, Herbert Hoffman's intent was to set the annuity with himself as owner and Peter Hoffman as annuitant, but the agent, Marvin Watkin, mistakenly listed Peter Hoffman as the owner of the Contract. She states that Marvin Watkin, Herbert Hoffman, Peter Hoffman and Midland agreed to straighten out the mistake by filing a change of ownership form and making Herbert Hoffman the owner. However, upon learning that

3

Herbert Hoffman was too old to own the contract, Betty Blocker was named as the owner of the Contract. Betty Blocker states that Marvin Watkin signed the change of ownership form on behalf of Peter and Herbert Hoffman. Marvin Watkin and Herbert Hoffman are both deceased.

Peter Hoffman objects to Betty Blocker's response and requests that it be stricken. (Dkt. No. 30.) Peter Hoffman contends that even if Betty Blocker's response were in affidavit form, it would still be improper because Betty Blocker does not have first-hand knowledge of any of the "facts" she argues; the statements in her opposition are all hearsay or opinion.

Betty Blocker responds that her opposition was in affidavit form, and that she has first-hand knowledge of the facts presented. (Dkt. No. 31.) She contends that Peter Hoffman has failed to bring forth any evidence to create a genuine issue of material fact or law and that her motion for summary judgment should be granted.

## II.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a

claim then the nonmoving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In applying these standards, the Court is mindful that pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, federal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (holding that in this circuit there is no rule providing "special assistance" to nonprisoner pro se litigants responding to summary judgment motions). Despite her *pro se* status, Blocker can only defeat Hoffman's motion by demonstrating that there is a genuine issue of material fact for trial, and she must support this assertion by citing to facts that can be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c). The party opposing summary judgment must "make her case with a showing of facts that can be established by evidence that will be

5

admissible at trial." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Hearsay evidence must be disregarded. *Id.*

Contrary to Betty Blocker's assertions, her opposition was not in affidavit form. Nevertheless, for purposes of this motion, the Court will assume that it was in affidavit form. An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Betty Blocker has not shown that she would be competent to testify regarding the formation of the original Contract, or the change of ownership form. Her statements and documentation regarding these matters are inadmissible hearsay. Betty Blocker has not identified any admissible evidence to challenge Peter Hoffman's affidavit or to create an issue of fact for trial.

Peter Hoffman has produced evidence that he was the Owner of the Contract, and that he did not sign, authorize, or consent to the change of ownership. Blocker has not rebutted this showing with any evidence that would be admissible at trial. Because only the Owner of the Contract can change the ownership of the Contract, Hoffman is entitled to a declaration that he is the owner of the Contract.[1]

---

[1] Betty Blocker has requested that her motion for summary judgment be granted because Peter Hoffman has failed to bring forth any evidence to answer questions or create genuine issues of material fact or law. (Dkt. No. 31.) Contrary to Betty Blocker's representations, she has not filed a motion for summary judgment. Moreover, the only admissible evidence requires entry of judgment in favor of Peter Hoffman rather than Betty Blocker.

An order consistent with this opinion will be entered.


Date:  <u>August 22, 2012</u>    <u>/s/ Robert Holmes Bell</u>
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE