UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIDLAND NATIONAL LIFE INSURANCE
COMPANY, an Iowa insurance company,

    Plaintiff,

v.

BETTY J. BLOCKER, an individual, and
PETER W. HOFFMAN, an individual,

    Defendants.
_____/

File No.  1:11-CV-662

HON. ROBERT HOLMES BELL

## **O P I N I O N**

    This interpleader action is before the Court on Plaintiff Midland National Life Insurance Company's motion for summary judgment.  (Dkt. No. 4.)  This Court previously granted Plaintiff's motion for summary judgment in part, and denied the remaining portions of the motion as premature.  (Dkt. No. 23, Order.)  Having determined that Defendant Peter Hoffman is the owner of the Midland National Life Insurance Company Annuity Contract Number 8500309431, (Dkt. Nos. 32,33), the Court is now in a position to revisit the remaining portions of Plaintiff's motion for summary judgment.

    The remaining portions of Plaintiff's motion for summary judgment are its request that it be awarded its attorney's fees and costs incurred in bringing this action and filing the motion for summary judgment, and its request that it be dismissed from this action with prejudice.

Under the "American Rule" that applies in the courts of the United States, the prevailing litigant is ordinarily not entitled to collect attorney's fees from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). "[T]he circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine." *Id.* at 262. Neither the interpleader statute[1] nor Rule 22 of the Federal Rules of Civil Procedure provides for the award of attorney's fees or costs to the stakeholder in an interpleader proceeding. *See* 4 James Wm. Moore et al, *Moore's Federal Practice* § 22.06, at p. 22-96 (Matthew Bender 3d ed.); 7 Charles Allen Wright et al., *Federal Practice and Procedure*: Civil § 1719 (3d ed. 2001). "Despite the lack of explicit statutory authorization, 'modern federal practice follows the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover attorney's fees and costs from the stake itself.'" *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005) (quoting 4Moore's Federal Practice, § 22.06, at 22-98 to 22-99 & n. 4 (3d ed. 2002)). The Sixth Circuit has followed modern federal practice and applied equitable principles to the issue of attorney's fees in interpleader cases. *See First Trust*, 410 F.3d at 856 (holding that equity did not favor an award of attorney's fees in that case); *Holmes v. Artists Rights Enforcement Corp.*, 148 F. App'x 252, 257 (6th Cir. 2005) ("[I]n interpleader actions, the award of costs and attorneys fees is within the sound

---

[1] The interpleader statute consists of three separate provisions pertaining to (1) subject matter jurisdiction, 28 U.S.C. § 1335; (2) venue, 28 U.S.C. § 1397; and (3) service of process, 28 U.S.C. § 2361. *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005).

discretion of the court"). *See also Metro. Life Ins. Co. v. Thomas*, No. 1:10-CV-290, 2011 WL 2470001, at *3 (W.D. Mich. 2011) (Carmody, M.J.) ("[T]he Court possesses the authority under its equitable powers to award costs and fees when appropriate."); *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *3 (E.D. Mich. Oct. 13, 2010) ("[A] federal court has the discretion to award costs and attorney fees to the stakeholder in an interpleader action."); *Tribble v. Chuff*, 642 F. Supp. 2d 737, 754-55 (E.D. Mich. 2009). Equitable principles favor an award of attorney's fees where the interpleading party is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes*, 148 F. App'x at 259 (citing *Septembertide Publ'g v. Stein & Day*, 884 F.2d 675 (2d Cir.1989)).

In this case, Midland National is an innocent and otherwise disinterested stakeholder that has been required to expend time and money to participate in a dispute not of its own making and the outcome of which has no impact on it. Midland National concedes that the proceeds of the Contract are payable to the proper owner of the Contract. (Compl. ¶¶ 1, 30-31, 34.) On November 16, 2011, pursuant to the Court's order (Dkt. No. 24), Midland National deposited $36,541.15 into court. Midland National provided Defendants with an opportunity to try to resolve this matter among themselves prior to the commencement of this action to preserve the benefits from litigation costs and attorneys, and warned them it would seek attorneys fees and costs if forced to file an interpleader action. (Compl. ¶¶ 21-23 & Ex. L, 03/24/2011 Ltr. to Defs.) The Court concludes that Midland National is equitably entitled

to an award of the attorney's fees and costs it incurred in bringing this action. Midland National has filed an affidavit showing that it incurred costs and attorney's fees in the amount of $3,068.69, as of the date it filed its motion for summary judgment. (Dkt. No. 6, Ex. N.) Midland National's request is reasonable as to the hourly rates charged, the hours expended, and the costs billed. The Court will accordingly grant Midland National's request for attorney's fees and costs in the amount of $3,068.69, and dismiss Midland National from this action with prejudice. The fees and costs will paid from the proceeds of the Contract that were deposited with the Court.

An order consistent with this opinion will be entered.


Date:  <u>August 23, 2012</u>                               <u>/s/ Robert Holmes Bell</u>
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE